IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  JAMES GRAHAM, as SPECIAL ADMINISTRATOR for the ESTATE OF ANTHONY HUFF, Deceased,<br><br>     Plaintiff,<br><br>vs.<br><br>(1)  GARFIELD COUNTY DETENTION CENTER, an Oklahoma Title 60 authority;<br>(2)  BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GARFIELD, a Political Subdivision of the State of Oklahoma;<br>(3)  JERRY NILES, individually and in his official capacity as Sheriff of Garfield County;<br>(4)  JENNIFER NILES, individually and in her official capacity as Jail Administrator of the Garfield County jail;<br>(5)  TURN KEY HEALTH CLINICS, LLC, an Oklahoma limited liability corporation;<br>(6)  LELA GOATLEY, an individual; and<br>(7-9) JOHN DOES (1-3), unknown individuals who were involved but not yet identified,<br><br>     Defendants. | Case No. CIV-17-634-M<br>**JURY TRIAL DEMANDED** |

### DEFENDANT JERRY NILES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF GARFIELD COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Jerry Niles, individually and in his official capacity as Sheriff of Garfield County ("Niles"), for his Answer to Plaintiff's Complaint filed on June 6, 2017, hereby denies each and every allegation contained therein unless specifically admitted herein and, for further response, states as follows.

### I.   Jurisdiction and Venue

1.    Defendant Niles admits that Plaintiff is attempting to bring a civil action, which he

alleges involves a deprivation of Anthony Huff's rights under the United States constitution, as well as the laws of the State of Oklahoma. However, Defendant Niles denies that he violated Anthony Huff's rights in any way whatsoever, and denies that Plaintiff has any claim against Defendant Niles under any cause of action or theory.

2. Defendant Niles admits that Plaintiff is attempting to bring a civil action, which he alleges involves a deprivation of Anthony Huff's rights under the United States constitution, as well as the laws of the State of Oklahoma, and that this Court may have jurisdiction over these allegations, as well as be the proper venue for those allegations. However, Defendant Niles denies that he violated Anthony Huff's rights in any way whatsoever, and denies that Plaintiff has any claim against Defendant Niles under any cause of action or theory.

3. Defendant Niles admits that Plaintiff claims the amount in controversy exceeds $75,000, but denies that Plaintiff is entitled to recover anything under any cause of action.

4. Defendant Niles admits that Plaintiff is attempting to bring a civil action, which he alleges involves a deprivation of Anthony Huff's rights under the United States constitution, as well as the laws of the State of Oklahoma, and that this Court may have jurisdiction over these allegations, as well as be the proper venue for those allegations. However, Defendant Niles denies that he violated Anthony Huff's rights in any way whatsoever, and denies that Plaintiff has any claim against Defendant Niles under any cause of action or theory.

5. Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 5 of Plaintiff's Complaint; thus, Defendant denies the

allegations.

6-7.    Defendant Niles denies the allegations in Paragraphs 6-7 of Plaintiff's Complaint.

8-10.   Defendant Niles objects to Paragraphs 8-10 of Plaintiff's Complaint because they are in violation of Fed. R. Civ. P. 10(b).  Without waiving and subject to said objection, Defendant denies the allegations in Paragraphs 8-10 of Plaintiff's Complaint as phrased.

11.   Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 11 of Plaintiff's Complaint; thus, Defendant denies the allegations.

12.   Defendant Niles denies the allegations in Paragraph 12 of Plaintiff's Complaint as phrased.

13.   Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 13 of Plaintiff's Complaint; thus, Defendant denies the allegations.

14.   Defendant Niles denies the allegations in Paragraph 14 of Plaintiff's Complaint as phrased.

15.   Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 15 of Plaintiff's Complaint; thus, Defendant denies the allegations.

16.   Defendant Niles denies the allegations in Paragraph 16 of Plaintiff's Complaint as phrased.

17-18.   Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 17-18 of Plaintiff's Complaint; thus, Defendant

denies the allegations.

19.     Defendant Niles denies as phrased.

## II.   FACTUAL BACKGROUND

20.     Defendant Niles adopts and incorporates the responses to paragraphs 1-19 above, as if fully set forth herein.

21.     Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 21 of Plaintiff's Complaint; thus, Defendant denies the allegations.

22.     Defendant Niles objects to Paragraph 22 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 10(b).  Without waiving and subject to said objection, Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 22 of Plaintiff's Complaint; thus, Defendant denies the allegations.

23-30.      Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 23-30 of Plaintiff's Complaint; thus, Defendant denies the allegations.

31.     Defendant Niles denies the allegations in Paragraph 31 of Plaintiff's Complaint as phrased.

32-35.  Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 32-35 of Plaintiff's Complaint; thus, Defendant denies the allegations.

36.     Defendant Niles denies the allegations in Paragraph 36 of Plaintiff's Complaint as

phrased.

37-41. Defendant Niles denies the allegations in Paragraphs 37-41 of Plaintiff's Complaint as phrased.

42-49. Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 42-49 of Plaintiff's Complaint; thus, Defendant denies the allegations.

50-51. Defendant Niles denies the allegations in Paragraphs 50-51 of Plaintiff's Complaint as phrased.

52-55. Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 52-55 of Plaintiff's Complaint; thus, Defendant denies the allegations.

56. Defendant Niles objects to Paragraph 56 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 10(b). Without waiving and subject to said objection, Defendant Niles denies the allegations in Paragraph 56 of Plaintiff's Complaint as phased.

57-58. Defendant Niles denies the allegations in Paragraphs 57-58 of Plaintiff's Complaint as phrased.

59. Defendant Niles denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Defendant Niles objects to Paragraph 60 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 10(b). Without waiving and subject to said objection, Defendant Niles denies the allegations in Paragraph 60 of Plaintiff's Complaint as phased.

61-62. Defendant Niles denies the allegations in Paragraphs 61-62 of Plaintiff's Complaint as phrased.

63.     Defendant Niles denies the allegations in Paragraph 63 of Plaintiff's Complaint.

### III.   FIRST CAUSE OF ACTION-NEGLIGENCE

64.     Defendant Niles adopts and incorporates the responses to paragraphs 1-63 above, as if fully set forth herein.

65.     Defendant Niles denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66-72.  Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 66-72 of Plaintiff's Complaint; thus, Defendant denies the allegations.

73-74.  Defendant Niles denies the allegations in Paragraphs 73-74 of Plaintiff's Complaint.

75-94.  Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 75-94 of Plaintiff's Complaint; thus, Defendant denies the allegations.

95-101. Defendant Niles denies the allegations in Paragraphs 95-101 of Plaintiff's Complaint as phrased.

102.    Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 102 of Plaintiff's Complaint; thus, Defendant denies the allegations.

103.    Defendant Niles denies the allegations in Paragraph 103 of Plaintiff's Complaint as phrased.

104.    Defendant Niles denies the allegations in Paragraph 104 of Plaintiff's Complaint.

105-106. Defendant Niles is without sufficient information or knowledge to admit or deny

all of the allegations in paragraphs 105-106 of Plaintiff's Complaint; thus, Defendant denies the allegations.

107. Paragraph 107 of Plaintiff's Complaint states a legal conclusion, to which no response is necessary. To the extent a response is necessary, Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 107 of Plaintiff's Complaint; thus, Defendant denies the allegations.

108. Defendant Niles denies the allegations in Paragraph 108 of Plaintiff's Complaint.

109. Defendant Niles denies the allegations in Paragraph 109 of Plaintiff's Complaint as phrased.

110-112. Defendant Niles denies the allegations in Paragraphs 110-112 of Plaintiff's Complaint.

113. Paragraph 113 of Plaintiff's Complaint states a legal conclusion, to which no response is necessary. To the extent a response is necessary, Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraph 113 of Plaintiff's Complaint; thus, Defendant denies the allegations.

114. Defendant Niles denies the allegations in Paragraph 114 of Plaintiff's Complaint as phrased.

### IV.   VIOLATION OF CIVIL RIGHTS-42 U.S.C. 1983

115. Defendant Niles adopts and incorporates the responses to paragraphs 1-114 above, as if fully set forth herein.

116. Defendant Niles denies the allegations in Paragraph 116 of Plaintiff's Complaint.

117-120. Paragraphs 117-120 of Plaintiff's Complaint state a legal conclusion, to which no

response is necessary. To the extent a response is necessary, Defendant Niles denies the allegations as phrased.

121-124. Defendant Niles denies the allegations in Paragraph 121-124 of Plaintiff's Complaint.

125-126. Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 125-126 of Plaintiff's Complaint; thus, Defendant denies the allegations.

127. Defendant Niles denies the allegations in Paragraph 127 of Plaintiff's Complaint.

128-129. Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 128-129 of Plaintiff's Complaint; thus, Defendant denies the allegations.

130-132. Defendant Niles denies the allegations in Paragraphs 130-132 of Plaintiff's Complaint.

133. Paragraph 133 of Plaintiff's Complaint states a legal conclusion, to which no response is necessary. To the extent a response is necessary, Defendant Niles denies the allegations as phrased.

134. Defendant Niles denies the allegations in Paragraph 134 of Plaintiff's Complaint.

135. Paragraph 135 of Plaintiff's Complaint states a legal conclusion, to which no response is necessary. To the extent a response is necessary, Defendant Niles denies the allegations as phrased.

136-137. Defendant Niles is without sufficient information or knowledge to admit or deny all of the allegations in paragraphs 136-137 of Plaintiff's Complaint; thus, Defendant

denies the allegations.

138.   Defendant Niles denies the allegations in Paragraph 138 of Plaintiff's Complaint as phrased.

139-143.   Defendant Niles denies the allegations in Paragraphs 139-143 of Plaintiff's Complaint

144.   Defendant Niles denies that Plaintiff is entitled to any of the damages asserted in the "Wherefore" paragraph as contained in Plaintiff's Complaint.

## DEFENSES

Defendant Jerry Niles, individually and in his official capacity as Sheriff of Garfield County,

for his defenses to Plaintiff's Complaint on file herein, alleges and states as follows:

1.   Plaintiff has failed to state a cause of action against Defendant Niles, in any capacity for any constitutional violation.

2.   Plaintiff has failed to state a claim for any remedies under 42 U.S.C. §1983.

3.   Plaintiff has failed to set forth any allegations which would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of Defendant Niles, in any capacity.

4.   Defendant Niles is not liable under 42 U.S.C. §1983 for claims based on a theory of *respondeat superior* or vicarious liability.

5.   Defendant Niles has not executed or implemented any policy or custom which can be found in any ordinance, regulation or a policy statement which resulted in a constitutional violation to the Plaintiff.

6.   Defendant Niles, in his official capacity, is not a proper party under either federal or

state law.

7. Defendant Niles, in any capacity, is not liable for the actions of any person or entity over whom he had no authority or control.

8. There was no underlying unconstitutional act that would impose liability on Defendant Niles, in any capacity.

9. Plaintiff failed to state a claim against Defendant Niles, in any capacity, for any state action.

10. Garfield County Detention Center is not a Governmental Agency.

11. Defendant Niles, in his official capacity, is not a proper party to any claims under state tort law or 42 U.S.C. 1983.

12. All actions of employees of the Garfield County Criminal Justice Authority , or any related entity, did not violate Plaintiff or Anthony Huff's constitutional rights.

13. To the extent any employees were deliberately indifferent, they were acting outside the scope of their employment.

14. Plaintiff's claims may be barred by the relevant statute of limitations.

15. Defendant Niles, in all capacities, is immune from suit under the Oklahoma Governmental Tort Claims Act.

16. All employees of the Garfield County Criminal Justice Authority were properly hired, trained, and supervised.

17. Plaintiff fails to state a claim under the Oklahoma Governmental Tort Claims Act.

18. Defendant Niles denies that he was negligent, however, if it is determined that he or any of his employees were negligent, then the Anthony Huff, deceased, exceeds the

negligence of Defendant Niles and/or his predecessors and employees and bars Plaintiff's recovery herein.

19. To the extent that Plaintiff may be claiming punitive damages, Defendant Niles is immune from any award of punitive damages pursuant to the Oklahoma Governmental Tort Claims Act and §1983.

20. Any damages suffered by Plaintiff and/or Anthony Huff, deceased, were caused by intentional acts of Anthony Huff or a third party over whom Defendant Niles had no control or right to control.

21. Defendant Niles did not personally violate Plaintiff and/or Anthony Huff's constitutional rights.

22. Defendant Niles was not personally involved in the events underlying Plaintiff's claims.

23. Defendant Niles, in any capacity, is not a proper party to Plaintiff's state negligence claims.

24. Defendant Niles, in his individual capacity, is entitled to qualified immunity.

25. Defendant Niles reserves the right to add any additional defenses or affirmative defenses, as they become available or known through discovery.

WHEREFORE, above premises considered, Defendant Niles requests that Plaintiff take nothing by reason of his Complaint, and that he be dismissed with attorney's fees and costs.

Respectfully submitted,

s/ Jordan L. Miller
Chris J. Collins, OBA No. 1800
Jordan L. Miller, OBA No. 30892
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, Oklahoma 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:     cjc@czwlaw.com
            jlm@czwlaw.com

***ATTORNEYS FOR DEFENDANTS GARFIELD COUNTY DETENTION CENTER, BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GARFIELD AND JERRY NILES***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

David B. Donchin
Hilary S. Allen
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610

Randy J. Long
Clint A. Claypole
Reagan D. Allen
Long, Claypole & Blakley Law, PLC
122 W. Randolph
P.O. Box 3623
Enid, OK 73702

Eddie Wyant
Wyant Law Firm, P.L.L.C.
P.O. Box 508
Enid, OK 73702

*Attorneys for Plaintiff*

                                                s/ Jordan L. Miller
                                                Jordan L. Miller