IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES GRAHAM, as Special Administrator for the Estate of Anthony Huff, Deceased,<br><br>           Plaintiff,<br><br>vs.<br><br>GARFIELD COUNTY DETENTION CENTER, an Oklahoma Title 60 Authority, et al.,<br><br>           Defendants. | Case No. CIV-17-634-M |

## ORDER

Before the Court is All Defendants' Joint Motion for Complete Stay of Matter, filed August 11, 2017. On August 31, 2017, plaintiff filed his response. On September 12, 2017, defendants filed their joint reply, and on September 19, 2017, plaintiff filed his sur-reply. Based upon the parties' submissions, the Court makes its determination.

On June 4, 2016, Anthony Huff was arrested on a public intoxication charge and booked into the Garfield County Detention Center ("GCDC"). While incarcerated at GCDC, Mr. Huff was placed in a restraint chair. Plaintiff alleges that Mr. Huff was in the restraint chair for a period in excess of two days without restroom breaks, medical or mental health treatment, or adequate food or water. On June 8, 2016, Mr. Huff died. On June 6, 2017, plaintiff filed the instant action asserting a negligence claim and a 42 U.S.C. § 1983 claim.

In early 2017, an Oklahoma multicounty grand jury was convened to investigate, among other things, the detention and death of Mr. Huff. On July 21, 2017, six criminal indictments, each charging manslaughter in the second degree, were filed against Jennifer Niles, Sheriff Jerry Lee Niles, Jr., Lela Goatley, John Markus, Shawn Galusha, and Vanisa Gay. The first three individuals

listed above are current defendants in this case. The indictments stem from Mr. Huff's booking into and detention in the GCDC from June 4 to June 8, 2016, and the nature and causes of his death on June 8, 2016. The criminal proceedings are in the very early stages, and no preliminary hearings have been conducted.

Defendants now move this Court to order a temporary stay be imposed in this matter, precluding all discovery or other action, until such time as all of the criminal proceedings have been completed. Plaintiff objects to defendants' motion, asserting that a stay is not merited in this action. In their reply, defendants state that defendants GCDC and Jerry Niles are agreeable to producing, under protective order, the remainder of any other jail materials, which have been or may be discovered after the previous production of documents to plaintiff on May 31, 2017[1] and that defendant Turn Key Health Clinics, LLC is agreeable to producing, under a protective order, all medical records of Mr. Huff in its possession and control. Defendants further contend that any stay could be imposed after the above supplementary document production. In his sur-reply, plaintiff states that there are many more materials and documents that plaintiff needs than the documents referenced in defendants' reply.

The decision whether to stay a civil proceeding until the conclusion of criminal litigation is within the discretion of the Court. *See In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003).

> The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. However, [a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth

---

[1] On May 31, 2017, plaintiff received in excess of 200 pages of documents from the Garfield County Sheriff's Office relative to Mr. Huff's detention at the GCDC.

> Amendment privilege. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.

*Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal citations and quotations omitted). In determining whether a stay should be entered, courts have considered the following six factors: (1) the extent to which issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay; (4) the private interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest. *See United States v. Arnold*, CIV-07-753-C, 2008 WL 2037270 at *1 (W.D. Okla. May 8, 2008); *In re CFS*, 256 F. Supp. 2d at 1236-37; *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998).

Having carefully reviewed the parties' submissions, the Court finds that an initial six month[2] stay of all discovery other than document production is appropriate in this case. Specifically, the Court finds the issues raised in the instant action substantially overlap, and are nearly identical to, the issues raised in the criminal prosecutions. The criminal charges against the indicted individuals stem from the very same series of events at issue in this case – Mr. Huff's booking into and detention in the GCDC from June 4 to June 8, 2016 and the nature and causes of his death on June 8, 2016. Additionally, the Court finds the fact that defendants Jerry Niles, Jennifer Niles, and Lela Goatley have been indicted strongly favors granting a stay of discovery in this case. A stay of discovery will avoid these defendants being faced with the choice of

---

[2] Prior to the end of the six month period, if defendants believe the stay should be extended, defendants shall file a motion to extend the stay.

asserting their Fifth Amendment privilege against self-incrimination and their defense in this civil case.  Further, because document production will not be stayed, and because the stay will be limited in duration, the Court finds any prejudice to plaintiff is minimal.  The Court also finds that a stay would protect defendants Jerry Niles, Jennifer Niles, and Lela Goatley's constitutional rights.  The Court further finds that a stay of discovery in this case efficiently promotes comity between civil and criminal courts, avoids prejudicing constitutionally protected rights, and helps to protect against an improper spill-over of information, whether intentional or merely incidental, between the two proceedings.  Finally, the Court finds that the public interest does not militate for a denial of a stay.

Accordingly, for the reasons set forth above, the Court GRANTS All Defendants' Joint Motion for Complete Stay of Matter [docket no. 42].  All discovery in this case, with the exception of production of documents, shall be stayed until March 22, 2018.  Further, the October 3, 2017 Status and Scheduling Conference in this matter is hereby STRICKEN.

**IT IS SO ORDERED this 21st day of September, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE