# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES GRAHAM, as Special Administrator for the Estate of Anthony Huff, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-17-634-M |
| GARFIELD COUNTY DETENTION CENTER, an Oklahoma Title 60 Authority, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Defendants' Joint Motion for Renewal of Stay, filed March 13, 2018. On April 3, 2018, plaintiff filed his response, and on April 10, 2018, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

On June 4, 2016, Anthony Huff was arrested on a public intoxication charge and booked into the Garfield County Detention Center ("GCDC"). While incarcerated at GCDC, Mr. Huff was placed in a restraint chair. Plaintiff alleges that Mr. Huff was in the restraint chair for a period in excess of two days without restroom breaks, medical or mental health treatment, or adequate food or water. On June 8, 2016, Mr. Huff died. On June 6, 2017, plaintiff filed the instant action asserting a negligence claim and a 42 U.S.C. § 1983 claim.

In early 2017, an Oklahoma multicounty grand jury was convened to investigate, among other things, the detention and death of Mr. Huff. On July 21, 2017, six criminal indictments, each charging manslaughter in the second degree, were filed against Jennifer Niles, Sheriff Jerry Lee Niles, Jr., Lela Goatley, John Markus, Shawn Galusha, and Vanisa Gay. The first three individuals listed above are current defendants in this case. The indictments stem from Mr. Huff's booking

into and detention in the GCDC from June 4 to June 8, 2016, and the nature and causes of his death on June 8, 2016.

On August 11, 2017, defendants moved the Court to order a temporary stay be imposed in this matter, precluding all discovery or other action, until such time as all of the criminal proceedings have been completed. On September 21, 2017, the Court granted defendants' motion to stay and stayed all discovery in this case, with the exception of production of documents, until March 22, 2018. On March 7, 2018, plaintiff served a full set of interrogatories and requests for production on every defendant, and on March 9, 2018, plaintiff filed a Notice of Subpoena *Duces Tecum* pursuant to Local Civil Rule 45.1.

In December 2017, the indictments against the three defendants in this case were dismissed. The charges against defendant Goatley have not been refiled. However, the criminal cases against defendants Jerry and Jennifer Niles were refiled on or about February 14, 2018; the charges were increased from manslaughter in the second degree to manslaughter in the first degree against both defendants Jerry and Jennifer Niles, and defendant Jerry Niles was also charged with nepotism in violation of Okla. Stat. tit. 21, §§ 380-592. Additionally, the manslaughter charge was similarly dismissed, refiled and enhanced on February 14, 2018, as to Shawn Galusha and John Markus, jailers who were involved with Mr. Huff's detention.[1]

Defendants now move the Court for a renewal of the stay for 120 days. Defendants assert that while the renewal period may not extend fully to the criminal actions being resolved, the parties will be in a much better position to know the remaining layout with the criminal proceedings and whether or not another, brief stay would be warranted to allow them to conclude. Defendants further assert that the renewal of the stay is necessary to ensure the integrity and

---

[1] Both Mr. Galusha and Mr. Markus may be deposed in this case.

2

separation of parallel proceedings and that there is a direct overlap between the issues in this case and the criminal charges against defendants Jerry and Jennifer Niles. Defendants also contend that the increase in the criminal charges has increased the potential penalties that defendants Jerry and Jennifer Niles face and that defendants' interests predominate over plaintiff's singular interest to immediately proceed in this case. However, defendants state that during the stay, they would be agreeable to supplementing previous document production if additional documents become available and other limited document production and to plaintiff issuing subpoenas to third parties. Finally, defendants contend that plaintiff will not suffer any considerable prejudice or irreparable harm by the renewal of the stay.

Plaintiff objects to any renewal of the stay. Plaintiff asserts that only two of the defendants in this case are the subject of any pending criminal proceeding. Plaintiff further asserts that the right to self-incrimination extends only to compulsory self-incrimination, not to testimony or information furnished by others. Plaintiff also asserts that defendants Garfield County Detention Center, the Board of County Commissioners of Garfield County, and Turn Key Health Clinics, LLC have no constitutional right against self-incrimination. Finally, plaintiffs assert that the defendants who are not the subject of any criminal charges or indictments have failed to demonstrate the requisite substantial prejudice in permitting discovery to proceed as to those defendants.

The decision whether to stay a civil proceeding until the conclusion of criminal litigation is within the discretion of the Court. *See In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003).

> The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. When deciding whether the interests of justice seem to require a stay, the court must consider

3

> the extent to which a party's Fifth Amendment rights are implicated. However, [a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.

*Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal citations and quotations omitted). In determining whether a stay should be entered, courts have considered the following six factors: (1) the extent to which issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay; (4) the private interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest. *See United States v. Arnold*, CIV-07-753-C, 2008 WL 2037270 at *1 (W.D. Okla. May 8, 2008); *In re CFS*, 256 F. Supp. 2d at 1236-37; *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998).

Having carefully reviewed the parties' submissions, the Court finds that a partial renewal of the stay is appropriate in this case. Specifically, the Court finds the issues raised in the instant action substantially overlap, and are nearly identical to, the issues raised in the criminal prosecutions. The criminal charges against the indicted individuals stem from the very same series of events at issue in this case – Mr. Huff's booking into and detention in the GCDC from June 4 to June 8, 2016 and the nature and causes of his death on June 8, 2016. Additionally, the Court finds the fact that defendants Jerry and Jennifer Niles have been re-indicted on the increased charge of manslaughter in the first degree strongly favors granting a partial stay of discovery in this case. This partial stay of discovery will avoid these defendants being faced with the choice of asserting their Fifth Amendment privilege against self-incrimination and their defense in this civil case.

Further, because the majority of the document production will not be stayed, and because the stay will be limited in duration, the Court finds any prejudice to plaintiff is minimal. The Court also finds that a stay would protect defendants Jerry and Jennifer Niles' constitutional rights. The Court further finds that a partial stay of discovery in this case efficiently promotes comity between civil and criminal courts, avoids prejudicing constitutionally protected rights, and helps to protect against an improper spill-over of information, whether intentional or merely incidental, between the two proceedings. Finally, the Court finds that the public interest does not militate for a denial of any stay.

Accordingly, for the reasons set forth above, the Court GRANTS IN PART Defendants' Joint Motion for Renewal of Stay [docket no. 56]. All discovery requests to defendants Jerry and Jennifer Niles and all depositions in this case shall be stayed until July 23, 2018. Discovery requests to the remaining defendants and subpoenas to third parties are not stayed. Additionally, this partial stay does not preclude the Court from ruling on the pending motions to dismiss.

**IT IS SO ORDERED this 8th day of May, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE