# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES GRAHAM, as Special Administrator for the Estate of Anthony Huff, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-17-634-M<br>) |
| GARFIELD COUNTY DETENTION CENTER, an Oklahoma Title 60 authority, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Before the Court is defendant Jennifer Niles' ("Niles") Partial Motion to Dismiss, filed July 31, 2017. On August 21, 2017, plaintiff filed his response, and on August 28, 2017, Niles filed her reply.

I.  Introduction

On June 4, 2016, Anthony Huff was arrested on a public intoxication charge and booked into the Garfield County Detention Center ("GCDC"). While incarcerated at GCDC, Mr. Huff was placed in a restraint chair. Plaintiff alleges that Mr. Huff was in the restraint chair for a period in excess of two days without restroom breaks, medical or mental health treatment, or adequate food or water. On June 8, 2016, Mr. Huff died. On June 6, 2017, plaintiff filed the instant action asserting a negligence claim, an alternative assault and battery claim, and a 42 U.S.C. § 1983 claim. Niles now moves to dismiss the state law negligence and assault and battery claims asserted against her because they fail to state a claim upon which relief can be granted.

II.     <u>Standard for dismissal</u>

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

Niles asserts that plaintiff's state law claims are barred by the Oklahoma Governmental Tort Claims Act ("OGTCA"). Specifically, Niles contends that under the OGTCA, a governmental employee may not be named as a defendant in a tort action that arises out of the performance of her official duties and because plaintiff has alleged that Niles was acting within the scope of her employment with Garfield County, plaintiff's state law claims against her cannot be maintained. Plaintiff asserts that the OGTCA does not immunize employees from torts committed outside the scope of their employment and that at this early stage of the litigation, it is not possible to determine whether or not Niles was or was not acting within the scope of her employment with respect to each of her acts or omissions leading to the death of Mr. Huff.

The OGTCA provides: "In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as [a] defendant . . . ." Okla. Stat. tit. 51, § 163(C). Additionally, the OGTCA defines "scope of employment" as follows:

> performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud; . . . .

Okla. Stat. tit. 51, § 152(12).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations showing that Niles was not acting within the scope of her employment. In fact, in her Complaint, plaintiff specifically alleges that Niles was acting within the course and scope of her employment. *See* Complaint at ¶ 10. The remaining allegations in the Complaint do not support any finding to the contrary. Accordingly, the Court

finds that Niles can not be named as a defendant in relation to plaintiff's state law claims. The Court, therefore, finds that plaintiff's negligence and assault and battery claims should be dismissed as to Niles.

IV.     Leave to amend

In his response, plaintiff requests the Court grant him leave to file an amended complaint if the Court determines that his complaint is deficient. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Having reviewed the parties' submissions, the Court finds that plaintiff should be granted leave to amend his complaint.

V.      Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Niles' Partial Motion to Dismiss [docket no. 33], DISMISSES plaintiff's negligence and assault and battery claims against Niles, and GRANTS plaintiff leave to file an amended complaint. Plaintiff shall file his amended complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 24th day of May, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

4