## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES GRAHAM, as Special Administrator for the Estate of Anthony Huff, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-17-634-M ) |
| GARFIELD COUNTY DETENTION CENTER, an Oklahoma Title 60 authority, et al., | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Before the Court is defendant Lela Goatley's ("Goatley") Motion to Dismiss, filed July 10, 2017. On July 31, 2017, plaintiff filed his response, and on August 8, 2017, Goatley filed her reply.

## I. Introduction

On June 4, 2016, Anthony Huff was arrested on a public intoxication charge and booked into the Garfield County Detention Center ("GCDC"). While incarcerated at GCDC, Mr. Huff was placed in a restraint chair. Plaintiff alleges that Mr. Huff was in the restraint chair for a period in excess of two days without restroom breaks, medical or mental health treatment, or adequate food or water. On June 8, 2016, Mr. Huff died. On June 6, 2017, plaintiff filed the instant action asserting a negligence claim, an alternative assault and battery claim, and a 42 U.S.C. § 1983 claim. Goatley now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims asserted against her for failure to state a claim upon which relief can be granted.

II.   Standard for dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.  Discussion

   A.  § 1983 claim

Goatley asserts that plaintiff has failed to state a § 1983 claim against her. Specifically, Goatley contends that plaintiff does not allege that she engaged in any specific actions in violation of Mr. Huff's constitutional rights. Goatley further contends that the only allegation in plaintiff's Complaint directed toward Goatley is that she was "a nurse who worked for Defendant Turn Key [and was] responsible for providing care, monitoring and observing Mr. Huff during the time he was placed in the restraint chair, and ensuring that he had been properly administered his medications." Complaint at ¶ 11. Goatley also contends that plaintiff has failed to alleged that she was aware of any facts to which she could have been deliberately indifferent.

In his Complaint, plaintiff alleges that defendants deprived Mr. Huff of rights and privileges afforded to him under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983. Specifically, with respect to Goatley, plaintiff alleges that Goatley was deliberately indifferent to Mr. Huff's serious medical needs.

> "Deliberate indifference" involves both an objective and a subjective component. The former is met if the deprivation is "sufficiently serious" – that is, if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The latter is satisfied if an officer knows of and disregards an excessive risk to [a detainee's] health or safety. Essentially, the officer must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (internal quotations and citations omitted).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that

3

plaintiff has not set forth sufficient factual allegations to state a § 1983 claim against Goatley for deliberate indifference to Mr. Huff's serious medical needs. Specifically, the Court finds that plaintiff has not set forth sufficient factual allegations to show that Goatley was aware that a substantial risk of serious harm existed. Throughout his Complaint, plaintiff does not distinguish among the defendants but simply lumps all defendants together and sets forth allegations regarding "Defendants," and many of these allegations are conclusory.

Further, plaintiff does not allege that Goatley was actually aware and knew of Mr. Huff's medical needs and/or was involved in Mr. Huff's treatment during prior incarcerations. The Court finds that any allegations that parties other than Goatley may have had knowledge or information that Mr. Huff needed medication or other care or treatment is not sufficient to allege that Goatley had any knowledge of a deprivation of serious medical needs. Additionally, the Court finds that plaintiff fails to set forth any factual allegations that any obvious medical complaints, signs, or symptoms exhibited by Mr. Huff were observed by or conveyed to Goatley.

Accordingly, the Court finds that plaintiff's § 1983 claim against Goatley should be dismissed.

B.     Negligence claim

Under Oklahoma law, the elements of negligence are (1) the defendant owed a duty to protect the plaintiff from injury; (2) the defendant failed to properly exercise or perform that duty; and (3) the defendant's breach of said duty proximately caused plaintiff's injuries. *See Thompson v. Presbyterian Hosp., Inc.*, 652 P.2d 260, 263 (Okla. 1982). Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual

allegations to state a negligence claim.[1] Specifically, the Court finds that plaintiff has not alleged any factual allegations specifically in relation to Goatley regarding any failure to properly exercise or perform her duty to protect Mr. Huff from injury. In his Complaint, plaintiff does not allege any facts showing that Goatley was actually aware and knew of Mr. Huff's medical needs and/or was involved in Mr. Huff's treatment during prior incarcerations, that any obvious medical complaints, signs, or symptoms exhibited by Mr. Huff were observed by or conveyed to Goatley, or that Goatley treated Mr. Huff during Mr. Huff's June 2016 detainment at GCDC.

Accordingly, the Court finds that plaintiff's negligence claim against Goatley should be dismissed.

    C.    <u>Assault and battery claim</u>

In paragraph 114 of his Complaint, plaintiff states "[t]hat in addition to the actions listed above, the actions and conduct, in the alternative, also consisted of assault and battery upon Mr. Huff." Complaint at ¶ 114. As set forth above, plaintiff has not alleged any factual allegations specifically in relation to Goatley's actions, omissions, or other conduct regarding the treatment of Mr. Huff. Based upon this lack of specific factual allegations, the Court finds that plaintiff has failed to state an assault and battery claim against Goatley. Accordingly, the Court finds that plaintiff's assault and battery claim against Goatley should be dismissed.

IV.    <u>Leave to amend</u>

In his response, plaintiff requests the Court grant him leave to file an amended complaint if the Court determines that his complaint is deficient. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's

---

[1] As set forth above, throughout his Complaint, plaintiff does not distinguish among the defendants but simply lumps all defendants together and sets forth allegations regarding "Defendants," and many of these allegations are conclusory.

5

written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Having reviewed the parties' submissions, the Court finds that plaintiff should be granted leave to amend his complaint.

V.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Goatley's Motion to Dismiss [docket no. 23], DISMISSES plaintiff's claims against Goatley, and GRANTS plaintiff leave to file an amended complaint. Plaintiff shall file his amended complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 24th day of May, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE