# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES GRAHAM, as Special Administrator for the Estate of Anthony Huff, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-17-634-M<br>) |
| GARFIELD COUNTY DETENTION CENTER, an Oklahoma Title 60 authority, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Turn Key Health Clinics, LLC's ("Turn Key") Motion to Dismiss, filed July 5, 2017. On July 26, 2017, plaintiff filed his response, and on August 2, 2017, Turn Key filed its reply.

I.    Introduction

On June 4, 2016, Anthony Huff was arrested on a public intoxication charge and booked into the Garfield County Detention Center ("GCDC"). While incarcerated at GCDC, Mr. Huff was placed in a restraint chair. Plaintiff alleges that Mr. Huff was in the restraint chair for a period in excess of two days without restroom breaks, medical or mental health treatment, or adequate food or water. On June 8, 2016, Mr. Huff died. On June 6, 2017, plaintiff filed the instant action asserting a negligence claim, an alternative assault and battery claim, and a 42 U.S.C. § 1983 claim. Turn Key now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims asserted against it for failure to state a claim upon which relief can be granted.

II.  Standard for dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id*. at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A.    § 1983 claim

> Although the Supreme Court's interpretation of § 1983 in *Monell*[1] applied to municipal governments and not to private entities acting under color of state law, caselaw from [the Tenth Circuit] and other circuits has extended the *Monell* doctrine to private § 1983 defendants. Therefore, a private actor cannot be held liable *solely* because it employs a tortfeasor – or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.

*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (internal quotations and citations omitted) (emphasis in original). In *Monell*, the Supreme Court held that to be liable, a municipality must have had an official municipal policy of some nature that was the direct cause or moving force behind the constitutional violations. *See Dubbs*, 336 F.3d at 1215. Thus, for a private entity acting under color of state law to be liable, that entity must have had an official policy of some nature that was the direct cause or moving force behind the constitutional violations.

    Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations to state a § 1983 claim against Turn Key. Specifically, the Court finds that in his Complaint plaintiff has set forth no allegations regarding any policies or procedures of Turn Key and no allegations that any policies or procedures of Turn Key were the direct cause behind the alleged constitutional violations. Accordingly, the Court finds that plaintiff's § 1983 claim against Turn Key should be dismissed.

    B.    Negligence claim

    Under Oklahoma law, the elements of negligence are (1) the defendant owed a duty to protect the plaintiff from injury; (2) the defendant failed to properly exercise or perform that duty;

---

[1] *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978).

and (3) the defendant's breach of said duty proximately caused plaintiff's injuries. *See Thompson v. Presbyterian Hosp., Inc.*, 652 P.2d 260, 263 (Okla. 1982). Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations to state a negligence claim. Specifically, the Court finds that plaintiff has not alleged any factual allegations regarding any failure by a Turn Key employee to properly exercise or perform his or her duty to protect Mr. Huff from injury. In his Complaint, plaintiff does not allege any facts showing that any employee of Turn Key was actually aware and knew of Mr. Huff's medical needs and/or was involved in Mr. Huff's treatment during prior incarcerations, that any obvious medical complaints, signs, or symptoms exhibited by Mr. Huff were observed by or conveyed to a Turn Key employee, or that a Turn Key employee treated Mr. Huff during Mr. Huff's June 2016 detainment at GCDC.

Accordingly, the Court finds that plaintiff's negligence claim against Turn Key should be dismissed.

C.  Assault and battery claim

In paragraph 114 of his Complaint, plaintiff states "[t]hat in addition to the actions listed above, the actions and conduct, in the alternative, also consisted of assault and battery upon Mr. Huff." Complaint at ¶ 114. As set forth above, plaintiff has not alleged any factual allegations specifically in relation to any Turn Key employee's actions, omissions, or other conduct regarding the treatment of Mr. Huff. Based upon this lack of specific factual allegations, the Court finds that plaintiff has failed to state an assault and battery claim against Turn Key. Accordingly, the Court finds that plaintiff's assault and battery claim against Turn Key should be dismissed.

IV.     Leave to amend

In his response, plaintiff requests the Court grant him leave to file an amended complaint if the Court determines that his complaint is deficient. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Having reviewed the parties' submissions, the Court finds that plaintiff should be granted leave to amend his complaint.

V.      Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Turn Key's Motion to Dismiss [docket no. 21], DISMISSES plaintiff's claims against Turn Key, and GRANTS plaintiff leave to file an amended complaint. Plaintiff shall file his amended complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 24th day of May, 2018.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE