# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JAMES GRAHAM, as Special      )
Administrator for the Estate of      )
Anthony Huff, Deceased,      )
     )
           Plaintiff,      )
     )
vs.      )      Case No. CIV-17-634-M
     )
GARFIELD COUNTY DETENTION      )
CENTER, an Oklahoma Title 60 Authority, )
et al.,      )
     )
           Defendants.      )

## **ORDER**

Before the Court is Defendants' Joint Motion for Renewal of Stay, filed July 23, 2018. On August 13, 2018, plaintiff filed his response, and on August 20, 2018, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

On June 4, 2016, Anthony Huff was arrested on a public intoxication charge and booked into the Garfield County Detention Center ("GCDC"). While incarcerated at GCDC, Mr. Huff was placed in a restraint chair. Plaintiff alleges that Mr. Huff was in the restraint chair for a period in excess of two days without restroom breaks, medical or mental health treatment, or adequate food or water. On June 8, 2016, Mr. Huff died. On June 6, 2017, plaintiff filed the instant action asserting a negligence claim and a 42 U.S.C. § 1983 claim.

In early 2017, an Oklahoma multicounty grand jury was convened to investigate, among other things, the detention and death of Mr. Huff. On July 21, 2017, six criminal indictments, each charging manslaughter in the second degree, were filed against Jennifer Niles, Sheriff Jerry Lee Niles, Jr., Lela Goatley, John Markus, Shawn Galusha, and Vanisa Gay. The first three individuals listed above are current defendants in this case. The indictments stem from Mr. Huff's booking

into and detention in the GCDC from June 4 to June 8, 2016, and the nature and causes of his death on June 8, 2016.

On August 11, 2017, defendants moved the Court to order a temporary stay be imposed in this matter, precluding all discovery or other action, until such time as all of the criminal proceedings have been completed. On September 21, 2017, the Court granted defendants' motion to stay and stayed all discovery in this case, with the exception of production of documents, until March 22, 2018. On March 7, 2018, plaintiff served a full set of interrogatories and requests for production on every defendant, and on March 9, 2018, plaintiff filed a Notice of Subpoena *Duces Tecum* pursuant to Local Civil Rule 45.1.

In December 2017, the indictments against the three defendants in this case were dismissed. The charges against defendant Goatley have not been refiled. However, the criminal cases against defendants Jerry and Jennifer Niles were refiled on or about February 14, 2018; the charges were increased from manslaughter in the second degree to manslaughter in the first degree against both defendants Jerry and Jennifer Niles, and defendant Jerry Niles was also charged with nepotism in violation of Okla. Stat. tit. 21, §§ 380-592. Additionally, the manslaughter charge was similarly dismissed, refiled and enhanced on February 14, 2018, as to Shawn Galusha and John Markus, jailers who were involved with Mr. Huff's detention.[1]

On March 13, 2018, Defendants moved for a renewal of the stay for 120 days. On May 8, 2018, the Court granted in part defendants' motion for a renewal of the stay. Specifically, the Court stayed all discovery requests to defendants Jerry and Jennifer Niles and all depositions in this case until July 23, 2018, but the Court did not stay discovery requests to the remaining

---

[1] Both Mr. Galusha and Mr. Markus may be deposed in this case.

defendants, subpoenas to third parties, and any ruling by the Court on the pending motions to dismiss.

On August 7-10, 2018, the preliminary hearings in the criminal matters were conducted. During the preliminary hearings, a number of witnesses testified, including defendant Goatley, nurse Vanessa Gay, other representatives of defendant Turn Key Health Clinics, LLC, and employees of the jail and the Garfield County sheriff's office. Defendant Jennifer Niles was bound over for trial, with arraignment set for October 22, 2018; the charges against defendant Jerry Niles were dismissed, but the State may appeal this decision. The trial date for the criminal trial is still unknown at this point.

Defendants now move the Court for a second renewal of the stay to October 15, 2018, with the same contours and limitations as the previous renewal of the stay. Defendants reassert the majority of the arguments they made in the previous motions. Specifically, defendants assert that the renewal of the stay is necessary to ensure the integrity and separation of parallel proceedings, and to address the dangers of wide civil discovery proceeding and leaking into and tainting the criminal matter. Additionally, defendants contend that plaintiff will not suffer any considerable prejudice or irreparable harm by the renewal of the stay. Defendants further state that written discovery could proceed as to parties not still within the ambit of criminal prosecution.

Plaintiff objects to any renewal of the stay. Plaintiff asserts that the majority of the defendants who joined in the motion for renewal are not subject to any criminal proceedings and cannot establish the requisite substantial prejudice to their rights if the renewal is not granted. Plaintiff further asserts that the right to self-incrimination extends only to compulsory self-incrimination, not to testimony or information furnished by others. Plaintiff also asserts that defendants GCDC, the Board of County Commissioners of Garfield County, and Turn Key Health

Clinics, LLC have no constitutional right against self-incrimination. Additionally, plaintiff asserts that the stay has resulted in a procedural quagmire and contends that there is no reason why the next 120 days cannot be used to depose those witnesses who are not facing criminal charges and allow their testimony and exchange of information. Finally, plaintiff asserts that issuing a stay at this point effectively gives an advantage to the criminal defendants by allowing them to depose/cross-examine witnesses whom plaintiff is forbidden to depose under oath.

The decision whether to stay a civil proceeding until the conclusion of criminal litigation is within the discretion of the Court. *See In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003).

> The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. However, [a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.

*Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal citations and quotations omitted). In determining whether a stay should be entered, courts have considered the following six factors: (1) the extent to which issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay; (4) the private interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest. *See United States v. Arnold*, CIV-07-

753-C, 2008 WL 2037270 at *1 (W.D. Okla. May 8, 2008); *In re CFS*, 256 F. Supp. 2d at 1236-37; *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998).

Having carefully reviewed the parties' submissions, the Court finds that a limited renewal of the stay is appropriate in this case. Specifically, the Court finds the issues raised in the instant action substantially overlap with, and are nearly identical to, the issues raised in the criminal prosecutions. The criminal charges against the indicted individuals stem from the very same series of events at issue in this case – Mr. Huff's booking into and detention in the GCDC from June 4 to June 8, 2016 and the nature and causes of his death on June 8, 2016. Additionally, the Court finds the fact that defendant Jennifer Niles was bound over for trial and the fact that the dismissal of the charges against defendant Jerry Niles may be appealed by the State favors granting a limited stay of certain discovery in this case. This limited stay of discovery will avoid these defendants being faced with the choice of asserting their Fifth Amendment privilege against self-incrimination and their defense in this civil case. Further, because the vast majority of the document production will not be stayed, because certain depositions will be taken, and because the stay will be limited in duration, the Court finds any prejudice to plaintiff is minimal. The Court also finds that this limited stay would protect defendants Jerry and Jennifer Niles' constitutional rights. The Court further finds that this limited stay of discovery in this case efficiently promotes comity between civil and criminal courts, avoids prejudicing constitutionally protected rights, and adequately protects against an improper spill-over of information, whether intentional or merely incidental, between the two proceedings. Finally, the Court finds that the public interest does not militate for a denial of any stay.

Accordingly, for the reasons set forth above, the Court GRANTS IN PART Defendants' Joint Motion for Renewal of Stay [docket no. 78]. All discovery requests to defendants Jerry and

Jennifer Niles and depositions of defendants Jerry and Jennifer Niles, Shawn Galusha, and John Markus in this case shall be stayed until October 15, 2018. Discovery requests to the remaining defendants and subpoenas to third parties are not stayed. Additionally, depositions of parties other than defendants Jerry and Jennifer Niles and of third parties other than Mr. Galusha and Mr. Markus are not stayed, provided those depositions are sealed and the parties agree to a stipulated protective order, to be entered by the Court, regarding the information disclosed during the depositions.

**IT IS SO ORDERED this 23rd day of August, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE