UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) JAMES GRAHAM, as SPECIAL ADMINISTRATOR for
the ESTATE OF ANTHONY HUFF, Deceased,

    Plaintiffs,

vs.

Case No. 5:17-cv-00634-SLP

1) GARFIELD COUNTY CRIMINAL JUSTICE
AUTHORITY, an Oklahoma Title 60 authority;
(2) BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF GARFIELD, a Political Subdivision of the
State of Oklahoma;
(3) JERRY NILES, individually, and in his official capacity as
Sheriff of Garfield County;
(4) JENNIFER NILES, individually and in her official
capacity as Jail Administrator of the Garfield County jail;
(5) TURN KEY HEALTH CLINICS, LLC, an Oklahoma
limited liability corporation;
(6) LELA GOATLEY, an individual; and
(7-9) JOHN DOES (1-3), unknown individuals who were
involved but not yet identified,

    Defendants.

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: May 7, 2019

Appearing for Plaintiffs:

David B. Donchin, Hilary S. Allen and Jennifer
K. Christian of Durbin, Larimore & Bialick;
Eddie Wyant of Wyant Law Firm; and Randy J.
Long, Clint A. Claypole and Reagan D. Allen of
Long, Claypole & Blakley Law

| | |
|---|---|
| Appearing for Defendants, Garfield County Criminal Justice Authority, Board of County Commissioners of the County of Garfield, and Jerry Niles, in his official capacity as Sheriff of Garfield County | Christopher J. Collins of Collins, Zorn & Wagner |
| Appearing for Defendant, Jennifer Niles: | Robert S. Lafferrandre, Randall J. Wood and Carson C. Smith of Pierce, Couch, Hendrickson, Baysinger & Green |
| Appearing for Defendants, Turn Key Health Clinics and Lela Goatley: | Alexander C. Vosler, Sean P. Snider and Alexandra G. Ah Loy of Johnson, Hanan, Vosler, Hawthorne & Snider |
| Appearing for Defendant, Jerry Niles, in his individual capacity: | James L. Gibbs, II of Goolsby, Proctor, Heefner & Gibbs |

**Jury Trial Demanded ☒ - Non-Jury Trial ☐**

1.    **BRIEF PRELIMINARY STATEMENT.** State briefly and in ordinary language the facts and positions of the parties to inform the Judge of the general nature of the case.

Plaintiffs.  On June 4, 2016, the Enid Police Department took Anthony Huff into custody at the Garfield County Detention Center ("GCDC") on suspicion for Public Intoxication. He did not receive an initial medical screening upon his intake. On June 6, 2016, Mr. Huff started suffering from hallucinations and delusions due to alcohol withdrawal. Jail officials placed Mr. Huff in a restraint chair where he remained for two days, until his death on June 8, 2016. The policies and procedures related to the use of the restraint chair required medical certification before being placed into the chair and medical assessments at different intervals while being confined, but Defendants violated these rules by failing to perform such certifications and assessments. The policies and procedures also required Mr. Huff ~~to~~ be released every two hours for purposes of going to the bathroom, drink water, etc., and put a limit of being confined to the chair for no more than eight (8) hours at a time; however, Defendants violated these rules by forcing Mr. Huff to remain restrained in the chair for approximately 56 consecutive hours until he died in the chair. He was not released for breaks, even to go to the restroom thereby soiling himself, prohibited from eating (jailers put a tray of food on his lap, but would not

2

release even one of his hands from the chair to allow Mr. Huff to feed himself, effectively making him simply stare at the tray of food after not eating for more than 30 hours) or drinking. Defendants had a duty to provide medications Mr. Huff required for such things as blood pressure (medications Defendants knew or should have known he needed from a recent detention and past history at the Jail); however, Defendant violated those rules by failing to provide him necessary medication.  In addition, the policies and procedures required Defendants videotape or record anyone being placed into the chair and for all time while confined to the chair. Defendants violated this rule by either failing to record or destroying recordings, as only approximately 20 hours of the total 56 hours of Mr. Huff's restraint of video exist.  As the Court knows, this case was stayed in part due to the individual Defendants facing criminal charges; however, all of those charges have been resolved through either dismissals (Sheriff Niles and Nurse Goatley, the latter of whom has been deposed in this case), or plea agreements (Jennifer Niles is awaiting sentencing on a blind plea). Other non-party jailers have also pled out their criminal cases and are no longer subject to invoking the Fifth Amendment.

<u>Defendants Garfield County Criminal Justice Authority, Board of County Commissioners of the County of Garfield, and Jerry Niles, in his Official Capacity:</u> Garfield County Criminal Justice Authority is an independent Title 60 trust, which under Oklahoma law, is the only appropriate governmental entity for claims on behalf of Anthony Huff while he was incarcerated at the Garfield County Detention Center. Therefore, all claims against the Board of County Commissioners of Garfield County or Jerry Niles in his official capacity should be dismissed. Moreover, no policy, procedure, custom or practice of the Garfield County Criminal Justice Authority was the moving force behind any alleged constitutional violation of Anthony Huff while he was incarcerated at the Garfield County Detention Center. Rather, to the extent any constitutional violations occurred in the treatment of Anthony Huff (which is denied), they would have been contrary to the policies and procedures of the Garfield County Criminal Justice Authority.  Thus, Defendant Garfield County Criminal Justice Authority is not liable for any such alleged constitutional violations.  Finally, Garfield County Criminal Justice Authority is immune from suit under the Oklahoma Governmental Tort Claims Act for any claims brought pursuant to state negligence law.  These Defendants specifically refer the court to the Answers filed by each of these Defendants to Plaintiff's Second Amended Complaint, to see additional defenses raised by these Defendants.

<u>Defendant Jennifer Niles</u>.  The deceased, Anthony Huff, spent his life in and out of jails and prison.  Mr. Huff had a long history of numerous convictions and/or allegations of violent rapes and assaults on women.  Even though Mr. Huff was 58 years old at the time of his death, he had little or no employment history.  Mr. Huff

was arrested on June 4, 2016 for public intoxication. He was confined to the Garfield County Jail. Jennifer Niles served as the Jail Administrator. On June 6, 2016, Mr. Huff began screaming, hitting the walls and doors, and threatening to kill staff members. Because Mr. Huff would not cease this dangerous behavior, he was placed in the restraint chair by Jennifer Niles, the Jail Administrator, and two other officers. He was initially placed in a medical holding cell. There are no video cameras that would capture the inside of this medical holding cell. Jail records indicate that in the following hours, Huff was repeatedly offered food and water. Mr. Huff refused offers of food and water. Mr. Huff continued to be very aggressive, threatening the lives of staff. On June 7, at approximately 10:50 p.m., while still in the restraint chair, Mr. Huff was moved from the medical holding cell to an area in the medical unit where Mr. Huff was on camera. Jennifer Niles relied on staff to monitor Mr. Huff, and offer food and water. She relied on staff to follow policies and procedures regarding placement of inmates into a restraint chair. Staff observed that when they would check on Mr. Huff, he would continue to curse, make death threats against staff, and would refuse food and water. However, water was provided and consumed by Mr. Huff. Thereafter, Jennifer Niles received no reports from staff of any problems or health issues with Mr. Huff. Jennifer Niles contends that she was not deliberately indifferent to a known risk of serious harm to Mr. Huff, and thus did not violate the constitutional rights of Mr. Huff.

Defendants Turn Key Health Clinics and Lela Goatley: This is an action arising out of the incarceration of Anthony Huff in June 2016 at the Garfield County Detention Center. Pursuant to the Court's Orders on the Defendants' respective motions to dismiss, the only claims and issues which remain for this Court as it relates to these Defendants are Plaintiff's claim under 42 U.S.C. § 1983 against Lela Goatley for alleged deliberate indifference and a claim against Turn Key Health Clinics, LLC for alleged medical negligence under Oklahoma state law. *See* Dkts. Nos. 113 and 114.

Defendant Jerry Niles, in his individual capacity. Defendant Jerry Niles specifically denies that he violated the decedent's constitutional rights, that he was deliberately indifferent toward the decedent or that he implemented a policy, practice or custom that caused any constitutional violation of the Plaintiffs or the decedent. Any actions taken by jailers that violated jail policy were contrary to their training and jail policies and procedures. Defendant Jerry Niles had no personal contact or interaction with the decedent, is entitled to qualified immunity on Plaintiff's federal claims and is immune from liability in Plaintiff's state law claims under the Oklahoma Governmental Tort Claims Act. Further, Plaintiff's alleged damages are capped and an award of puntitive damages are not warranted or proper against Defendant Niles in his individual capacity.

2.   **JURISDICTION.** The basis on which the jurisdiction of the Court is invoked and any presently known objections. 42 U.S.C. 1983; 28 U.S.C. 1331, 1367, 1391.

3.   **STIPULATED FACTS.**  List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

1.   Jurisdiction and venue are proper.

2.   Jerry Niles was the Sheriff of Garfield County during the period of June 4-8, 2016.

4.   **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

A.   **Plaintiffs:**

1.    Defendants engaged in a pattern, practice, or policy of overutilizing the restraint chair for purposes of punishment, not safety, and ignoring, disregarding or failing to abide by the policies and procedures that govern both 1) the medical care and other treatment of inmates or detainees, and 2) the use of the restraint chair, thereby violating the Constitutions of both the United States of America and State of Oklahoma.

2.    Mr. Huff's confinement in the restraint chair for 56 consecutive hours –until he died—without being allowed any breaks to use the restroom, drink water, feed himself or have anything to eat, violated his rights under the Constitutions of the United States of America and State of Oklahoma.

3.    The conduct of the Defendants in how they treated Mr. Huff constituted violations of the Fourth, Eighth, Fourteenth Amendments of the United States Constitution.

4.    The conduct of the Defendants evidenced deliberate indifference to the serious medical needs and safety needs of Mr. Huff and violated the constitutional civil rights of Mr. Huff as protected under 42 U.S.C. §1983.

5.    The conduct of the Defendants constituted negligence and assault and battery.

6.    The conduct of the Defendants in treating Mr. Huff in a manner that Defendant Goatley admitted was reprehensible, inhumane and constituted torture all contributed to the death of Mr. Huff as he languished in the

restraint chair, and which has led to at least two different state court judges commenting that so many people could have prevented this (but failed to do so) and that the conduct was "outrageous" entitle the Estate of Mr. Huff to seek damages for the pain and suffering and wrongful death damages allowed to the Estate as a matter of law, and punitive damages where applicable.

**B.**     **Defendants, Garfield County Criminal Justice Authority and Board of County Commissioners of the County of Garfield, and Jerry Niles in his Official Capacity:**

Defendants Garfield County Criminal Justice Authority, Board of County Commissioners of the County of Garfield, and Jerry Niles in his official capacity seek all available costs and fees, if they are determined to be prevailing parties in this action.

**C.**     **Defendant, Jennifer Niles:**

1.     Jennifer Niles denies that she was deliberately indifferent to Anthony Huff and denies that she had any personal involvement in events that led to the death of Anthony Huff.

2.     Defendant Niles did not violate Plaintiff's clearly established, constitutional rights.

3.     Defendant did not personally participate in any event or in any manner which caused a violation of Plaintiff's constitutional rights.

4.     Defendant was not deliberately indifferent to any known, substantial risk of serious harm to any inmate, including Anthony Huff.

5.     This Defendant is immune from suit and liability pursuant to the doctrine of qualified immunity.

6.     Plaintiff has failed to state a plausible cause of action against Defendant for any constitutional violation, including any supervisory claim.

7.     Plaintiff's decedent's injuries were the result of an intervening cause for which Defendant cannot be liable.

8.     Any damages to the Plaintiff were caused by third parties, or pre-existing conditions, over whom and which this Defendant had no control.

9.     Any damages to the Plaintiff were caused, in whole or in part, by Anthony Huff.

10. Plaintiff's claims may be barred in whole or in part by the Governmental Tort Claims Act.

11. Defendant Niles is exempt from liability under the Governmental Tort Claims Act, 51 O.S. § 151 *et seq.*

12. Defendant Jennifer Niles actions towards Mr. Huff were objectively reasonable.

13. Plaintiff's claim against Jennifer Niles in her official capacity is improper under governing Section 1983 authorities.

14. Plaintiff's Complaint fails to state a claim under the Fourth Amendment as to this Defendant.

15. Any award of punitive damages based upon any standard of proof is less than "clear and convincing evidence" and would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

16. Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

17. Plaintiff's claims for punitive damages are in contravention of this Defendant's rights under the Constitution.

17. Plaintiff's damages may be capped under state law provisions, including but not limited to Okla. Stat. Tit 23 Section 61.2(B).

18. Plaintiff or decedent may have failed to mitigate damages.

19. Decedent's death, if found to have been caused by any negligence of this Defendant, was the result of contributory and/or comparative negligence.

20. Decedent's actions and omissions while detained could support assumption of the risk of harm to his health.

21. Defendant is entitled to settlement credit or an offset regarding any settlement with any other party in this case pursuant to 12 O.S. § 832(H) and/or federal common law.

D.     **Defendant, Turn Key Health Clinics:**

Defendant Turn Key Health Clinics, LLC denies that it has any responsibility for any harm to plaintiff and/or Anthony Huff and denies that it or any of its agents/employees owed and/or breached any duty of care to Mr. Huff during his June 2016 incarceration. Defendant generally and specifically denies each and every material allegation contained in the Plaintiff's Second Amended Complaint. Defendant asserts that Plaintiff has failed to properly state a claim against it upon which relief may be granted, including for Plaintiff's only remaining cause of action against it, medical negligence, as well as for punitive damages. Defendant Turn Key specifically asserts that it is immune from liability for state tort claims under the Oklahoma Governmental Tort Claims Act. As such, Defendant specifically asserts that it is entitled to Qualified Immunity.  Defendant asserts that it did not breach any legal duty owed to Mr. Huff. Defendant generally and specifically denies any intentional tortious actions were committed by Defendant. Defendant asserts that Mr. Huff's injuries and damages are the result of pre-existing conditions or causes not related to the occurrences alleged in Plaintiff's Second Amended Complaint. Defendant asserts that conditions created by the Mr. Huff are the proximate cause of Mr. Huff's alleged injuries and/or damages. Defendant asserts that Plaintiff's damages, if any, are the fault of third parties over whom this Defendant exercises no control and for whose acts or negligence this Defendant is not responsible. Defendant asserts that Mr. Huff was contributorily/comparatively negligent to a degree sufficient to bar recovery from any of the Defendants. Defendant asserts that Mr. Huff's alleged injuries were caused by an intervening or supervening cause for which Defendant is not responsible. Defendant reserves the right to assert additional defenses as discovery is only in its infancy stages.

E.     **Defendant, Lela Goatley:**

Defendant Lela Goatley denies that she has any responsibility for any harm to Plaintiff and/or Mr. Huff and denies that she violated Mr. Huff's civil rights in any manner. Defendant generally and specifically denies each and every material allegation contained in the Plaintiff's Second Amended Complaint. Defendant asserts that Plaintiff has failed to properly state a claim against her upon which relief may be granted, including for civil rights violations under 42 U.S.C. § 1983, which is Plaintiff's only remaining cause of action against this Defendant. Defendant asserts that she did not breach any legal duty owed to Mr. Huff. Defendant generally and specifically denies

any intentional tortious actions were committed by her. Defendant asserts that Mr. Huff's injuries and damages are the result of pre-existing conditions or causes not related to the occurrences alleged in Plaintiff's Second Amended Complaint. Defendant asserts that conditions created by Mr. Huff are the proximate cause of Mr. Huff's alleged injuries and/or damages. Defendant asserts that Plaintiffs has failed to set forth any allegations that would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of this Defendant. Defendant asserts that she was not deliberately indifferent to the medical needs of Mr. Huff. Defendant asserts that an award of punitive damages against her would violate her constitutional rights of due process under the Fourteenth Amendment and its Oklahoma state constitutional counterpart. Defendant asserts that she neither individually nor collectively participated in any violation of Mr. Huff's constitutional rights. Defendant asserts that Plaintiff has failed to show any actual injury resulting from the alleged constitutional violations. Defendant asserts that Plaintiff's damages, if any, are the fault of third parties over whom this Defendant exercises no control and for whose acts or negligence this Defendant is not responsible. Defendant asserts that Mr. Huff was contributorily/comparatively negligent to a degree sufficient to bar recovery from any of the Defendants. Defendant asserts that Plaintiff failed to mitigate damages. Defendant asserts that Mr. Huff's alleged injuries were caused by an intervening or supervening cause for which Defendant is not responsible. Defendant asserts that she (individually and collectively) did not create, cause, implement or enforce a policy, custom, or practice that was the moving force behind Plaintiff's or decedents' alleged injuries. Defendant asserts that medical negligence is insufficient to prove a civil rights violation. Defendant asserts that she is entitled to Qualified Immunity. Defendant reserves the right to assert additional defenses as discovery is in its infancy stages

**F.**     **Defendant, Jerry Niles, in his individual capacity:**

1.     Plaintiff has failed to state a cause of action against Defendant Niles, in any capacity for any constitutional violation.

2.     Plaintiff has failed to state a claim for any remedies under 42 U.S.C. §1983.

3.     Plaintiff has failed to set forth any allegations which would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of Defendant Niles, in any capacity.

4.     Defendant Niles is not liable under 42 U.S.C. §1983 for claims based on a theory of respondeat superior or vicarious liability.

5.     Defendant Niles has not executed or implemented any policy or custom which can be found in any ordinance, regulation or a policy statement which resulted in a constitutional violation to the Plaintiff.

6.     Defendant Niles, in any capacity, is not liable for the actions of any person or entity over whom he had no authority or control.

7.     There was no underlying unconstitutional act that would impose liability on Defendant Niles, in any capacity.

8.     Plaintiff failed to state a claim against Defendant Niles, in any capacity, for any state action.

9.     All actions of employees of the Garfield County Criminal Justice Authority, or any related entity, did not violate Plaintiff or Anthony Huff's constitutional rights.

10.     Plaintiff's claims may be barred by the relevant statute of limitations.

11.     Defendant Niles, in all capacities, is immune from suit under the Oklahoma Governmental Tort Claims Act.

12.     All employees of the Garfield County Criminal Justice Authority were properly hired, trained, and supervised.

13.     Plaintiff fails to state a claim under the Oklahoma Governmental Tort Claims Act.

14.     Defendant Niles denies that he was negligent, however, if it is determined that he or any of his employees were negligent, then the negligence of Anthony Huff, deceased, exceeds the negligence of Defendant Niles and/or his predecessors and employees and bars Plaintiff's recovery herein.

15.     To the extent that Plaintiff may be claiming punitive damages, Defendant Niles is immune from any award of punitive damages pursuant to the Oklahoma Governmental Tort Claims Act and 42 U.S.C. §1983.

16.     Any damages suffered by Plaintiff and/or Anthony Huff, deceased, were caused by intentional acts of Anthony Huff or a third party over whom Defendant Niles had no control or right to control.

17.     Defendant Niles did not personally violate Plaintiff and/or Anthony Huff's constitutional rights.

18.     Defendant Niles was not personally involved in the events underlying Plaintiff's claims.

19.     Defendant Niles, in any capacity, is not a proper party to Plaintiff's state negligence claims.

20.     Defendant Niles, in his individual capacity, is entitled to qualified immunity.

21.     At all material times, Defendant Niles was acting within the course and scope of his employment.

22.     Defendant Niles reserves the right to add any additional defenses or affirmative defenses, as they become available or known through discovery.

23.     Plaintiff's alleged damages, if any, as to any state claim(s) are limited and/or capped under state law.

5.     **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes     ☒ No

3.     MOTIONS PENDING AND/OR ANTICIPATED.

The Defendant Jennifer Niles anticipates filing a motion for summary judgment.  Defendants, Turn Key Health Clinics, LLC and Lela Goatley, also anticipate filing motions for summary judgment and motions in limine, as well as possible *Daubert* motions.

Defendants Garfield County Criminal Justice Authority, Board of County Commissioners of the County of Garfield, and Jerry Niles in his Official Capacity anticipate filing Motions for Summary Judgment, and Motions in Limine, as well as possibly *Daubert* motions, at the appropriate time in accordance with this Court's Scheduling Order.

Defendant Jerry Niles anticipates filing a Motion for Summary Judgment.

7.   **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by
Fed. R. Civ. P. 26(a)(1) been made? ☐ Yes   ☒ No
If "no," by what date will they be made? <u>May 20, 2019</u>

8.   **PLAN FOR DISCOVERY**.

A.   The discovery planning conference (Fed. R. Civ. P. 26(f)) was held in
September 2018 related to the Court's previous rulings on Motions to Stay.
Counsel engaged in conversations on how to proceed in light of the Stay
being issued and limiting discovery. Discussions were also had regarding
witness and party depositions.

B.   The parties anticipate that discovery should be completed within _6_ months.

C.   In the event ADR is ordered or agreed to, what is the minimum amount of
time necessary to complete necessary discovery prior to the ADR session?
The parties have discussed ADR and are planning ~~on trying~~ to mediate the
case in either late May or June of 2019.

D.   Have the parties discussed issues relating to disclosure or discovery of
electronically stored information, including the form or forms in which it
should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☒Yes  ☐ No

E.   Have the parties discussed issues relating to claims of privilege or of
protection as trial-preparation material pursuant to Fed. R. Civ. P.
26(f)(3)(D)?

☒Yes  ☐ No
To the extent the parties have made any agreements pursuant to Fed. R. Civ.
P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert
claims of privilege/protection after production and are requesting that the
court include such agreement in an order, please set forth the agreement in
detail below and submit a proposed order adopting the same.

_____

F.      Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

By Plaintiff: As this Court knows, the case had been subject to a partial Stay of Discovery pending the criminal cases of certain defendants. The criminal cases have been resolved, and the Fifth Amendment concerns no longer apply to the case. Meanwhile, Judge Miles-LaGrange had partially lifted the Stay, and the parties have exchanged written discovery and conducted the depositions of Plaintiffs' family members and Defendant Goatley.

9.     **ESTIMATED TRIAL TIME**:  5-7 days.

10.    **BIFURCATION REQUESTED**: ☐ Yes  ☒  No

11.    **POSSIBILITY OF SETTLEMENT**:    ☐ Good  ☒ Fair  ☐ Poor

12.    **SETTLEMENT AND ADR PROCEDURES**:

A.      Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒ Yes  ☐ No

B.      The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
☐ Judicial Settlement Conference
☐ Other <u>As above, limited discovery has been completed and the parties have discussed conducting mediation in late May or June of 2019.</u>
☐ None - the parties do not request ADR at this time.

13.    <u>Parties consent to trial by Magistrate Judge?</u>  ☐ Yes  ☒  No

14.    <u>Type of Scheduling Order Requested.</u>  ☒ Standard -  ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 30th day of April, 2019.

s/David B. Donchin
_____
David B. Donchin, OBA #10783
Hilary S. Allen, OBA #16979
Jennifer K. Christian, OBA #21628
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone:  (405) 235-9584
Facsimile:  (405) 235-0551
dlb@dlb.net
    - and -
Eddie Wyant, OBA #15133
Wyant Law Firm, P.L.L.C.
PO Box 508 - 205 W Maple, Suite 102
Enid, OK 73702
Telephone: (580) 233-7799
Facsimile: (580) 297-5121
eddie@wyantlawfirm.com
    - and -
Randy J. Long, OBA #5515
Clint A. Claypole, OBA #30045
Reagan D. Allen, OBA #19739
Long, Claypole & Blakley Law, PLC
PO Box 3623 - 122 W Randolph
Enid, OK 73702
Telephone:  (580) 233-5225
Facsimile:  (580) 233-3522
randy@lcb.law
clint@lcb.law
reagan@lcb.law
Attorneys for Plaintiff, James Graham, as
Special Administrator for the Estate of
Anthony Huff, deceased

s/Alexandra G. Ah Loy
_____
Alexander C. Vosler, OBA #19589
Sean P. Snider, OBA #22307
Alexandra G. Ah Loy, OBA # 31210
Johnson, Hanan, Vosler,
Hawthorne & Snider
9801 N Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
avosler@johnsonhanan.com
ssnider@johnsonhanan.com
aahloy@johnsonhanan.com
Attorneys for Defendants, Turn Key Health
Clinics, LLC and Lela Goatley

s/Chris J. Collins
_____
Chris J. Collins, OBA #1800
Jordan L. Miller, OBA #30892
Collins, Zorn & Wagner, P.C.
429 NE 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:  (405) 524-2070
Facsimile:  (405) 524-2078
cjc@czwlaw.com
jlm@czwlaw.com
Attorneys for Defendants, Garfield County
Criminal Justice Authority and Board of
County Commissioners of the County of
Garfield, and Jerry Niles, in his official
capacity as Sheriff of Garfield County

s/Randall J. Wood

Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA #10531
Carson C. Smith, OBA #22303
Pierce, Couch, Hendrickson,
Baysinger & Green, L.L.P.
1109 N Francis Avenue
Oklahoma City, OK 73106
Telephone:  (405) 235-1611
Facsimile:  (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
csmith@piercecouch.com
Attorneys for Defendant, Jennifer Niles

s/James L. Gibbs

James L. Gibbs, II, OBA #15689
Goolsby, Proctor, Heefner & Gibbs, P.C.
701 N Broadway Ave., Suite 400
Oklahoma City, OK 73102-6006
Telephone:  (405) 524-2400
Facsimile:  (405) 525-6004
jgibbs@gphglaw.com
Attorneys for Defendant, Jerry Niles