UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JAMES GRAHAM, as SPECIAL ADMINISTRATOR for the ESTATE OF ANTHONY HUFF, Deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>(1) GARFIELD COUNTY CRIMINAL JUSTICE AUTHORITY, an Oklahoma Title 60 authority;<br>(2) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GARFIELD, a Political Subdivision of the State of Oklahoma;<br>(3) JERRY NILES, individually, and in his official capacity as Sheriff of Garfield County;<br>(4) JENNIFER NILES, individually and in her official capacity as Jail Administrator of the Garfield County jail;<br>(5) TURN KEY HEALTH CLINICS, LLC, an Oklahoma limited liability corporation;<br>(6) LELA GOATLEY, an individual;  and<br>(7-9) JOHN DOES (1-3), unknown individuals who were involved but not yet identified,<br><br>      Defendants. | Case No. 5:17-cv-00634-SLP |

**PLAINTIFF'S OBJECTION TO DEFENDANT TURN KEY'S MOTIONS TO QUASH NOTICES TO TAKE DEPOSITIONS OF TRENT SMITH AND CORPORATE REPRESENTATIVE OF DEFENDANT TURN KEY**

COMES NOW the Plaintiff and for his Objection to Defendant Turn Key Health Clinics, LLC's Motion to Quash Plaintiff's Notice to Take Video Deposition of Trent Smith and Motion for a Protective Order and Defendant Turn Key Health Clinics, LLC's Motion to Quash Plaintiff's Rule 30(b)(6) Notice to Take Video Deposition and Motion for a Protective Order [Docs. 140 and 141], and hereby states as follows:

1.     That on May 15, 2019, days after the status conference, the undersigned wrote all counsel for all parties to set depositions. The list included both Trent Smith and a designation for a corporate representative. (Ex. 1: May 15, 2019 email.)

2.     That no response was received nor did counsel for Turn Key and Mr. Smith object to taking the deposition of Mr. Smith or the areas designated for the corporate representative.

3.     That on June 12, 2019, the undersigned again wrote counsel for all parties to set depositions, proposing dates for the same. (Ex. 2: June 12, 2019 email).

4.     That no response was received nor did counsel for Turn Key and Mr. Smith object to either of them being deposed or the areas designed for the corporate representative.

5.     That Notices to Take Deposition were then issued. A couple of adjustments were made at the request of the parties. Counsel for Sheriff Jerry Niles filed a Motion to Quash and, as a result of the Order, the deposition of Defendant Jerry Niles was continued from July 5 to July 12, and the deposition of witness Raines was moved to a date to be determined.

6.     That the depositions of Jennifer Niles, Shawn Galusha and John Markus were taken as scheduled in the Notices.

7.     That Defendant Turn Key and Smith have moved to quash the deposition notices. Counsel for the parties discussed the matter on July 9, 2019. Counsel for Turn Key and Smith demanded the Notices quashed on the following basis:

a.    Plaintiff would agree to not take the deposition of Smith and withdraw the deposition because Smith is not a party and was not personally served with a subpoena.

b.    Plaintiff would agree to narrow the areas of inquiry for Turn Key, objecting to inquiring about training on the basis that negligent training was not pled.

8.    That counsel for Plaintiff responded as follows:

a.    Plaintiff would not agree to not take the deposition of Smith.

b.    Plaintiff would agree that even though he was the president of Defendant Turn Key, Smith was not a party and, based on the demand of counsel for Turn Key, Plaintiff will engage a process server, find and serve Mr. Smith with a subpoena. Given there had been no objections lodged or raised for more than one month, that he is the president of the company and actively engaged in the business, the undersigned assumed there was no objection and Turn Key would provide the witness. While it simply increases the costs of litigation and will be a recoverable cost to the prevailing party, Turn Key still insists that Mr. Smith be personally served since he is not a party. Plaintiffs will agree to do the same.

c.    Plaintiff will not agree to limit the areas of inquiry to Turn Key for the following reasons:

    i.    Turn Key had a contract with Defendant Garfield County Detention Center, attached hereto as Ex. 3. The contract provides or requires that Turn

3

Key have a liability policy of $1 million in place for any liability claims. Pursuant to Rule 26, a copy of the policy was produced, which reflected a policy limit of $1 million; however, counsel for Turn Key has taken the position that the policy only provides $250,000 in coverage for this incident instead of the $1 million that was supposed to be in place.

ii.     Pursuant to Rule 26 and the notes that accompany the same, the purpose of determining the existence of liability insurance is to enhance settlement opportunities. Unable to reach a stipulation that there is $1 million in liability limits, the undersigned spent hundreds of dollars through the subpoena process to obtain the insurance related documents through Turn Key's broker. The policy still reflects $1 million in coverage; however, Turn Key will not stipulate to the same.

iii.    Given that Plaintiff is a beneficiary of such a policy being in place and would constitute, at minimum, an unnamed third-party beneficiary, Plaintiff has the right to question the same at this stage and inquire as to those matters since they were part of the contract Turn Key reached with the County.

iv.     As to the negligence of Turn Key, negligent training is an issue that has arisen based on testimony that has been taken in the case. As this Court knows, Mr. Huff was forcibly confined to a restraint chair for 56 consecutive hours before dying in the chair. The policies and procedures related to the use of the

4

chair, which is a common device in a jail, requires medical assessments be given at different intervals (before being put in the chair, at the four-hour mark and after eight hours, etc.). While Defendant Turn Key specializes and contracts to provide medical services to jails, Defendant Goatley admitted that a) she had no formal training on how to deal with or treat the prison population; b) she does not remember being trained on what a prisoner's constitutional rights were for medical care; c) no one ever told her that medical had to do an assessment or evaluate someone before they were placed in a restraint chair to make sure it was proper to put him/her in the chair, to assess the prisoner at the four hour mark to make sure it was proper to keep him/her in the chair, or even at the eight hour mark in a restraint chair, (Ex. 4: Goatley dep., 30:19-23; 64:19-66:10).

d.      Plaintiff believes that Mr. Smith is a fact witness to the organization and operations of Turn Key and is familiar with the litigation. Mr. Smith is listed as a co-founder of Turn Key on its website (Ex. 5), and on different forms is listed as spending 80 percent of his time on Turn Key matters. When The Oklahoman did a story on the number of recent suits against Turn Key, it was Mr. Smith who stepped forward and made the public pronouncements on behalf of the company, stating that "Turn Key has one of the best litigation records in the industry." (See Full Story and Quote: Ex. 6). Given the nature of the case and Mr. Smith's pronouncements, he has

held himself out publicly to have knowledge about the company, and issues related to this case.

9.     That the depositions were set in a reasonable, timely manner. Requests were made and no objections were received. Turn Key and Mr. Smith should have responded to one of the two emails requesting both the deposition and setting dates, but failed, refused and neglected to do so. The subject matter is appropriate for the issues in the case, and Plaintiff is not required to break down the areas into the questions asked. The Notice listing the areas at issue is not over broad; the areas are fairly limited and narrow to meet the needs of the case.

10.    That Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in part:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information with this scope of discovery need not be admissible in evidence to be discoverable.

11.    That the discovery requested meets all requirements and elements of Rule 26, given the issues in the case and the manner in obtaining the information. The 30(b)(6) deposition is very limited in scope; the Rule allows Defendant to designate "one or more officers, directors or managing agents, or designate other persons who consent to testify..." Accordingly, Defendant Turn Key may allow and select more than one person to testify as to the matters contained in the notice.

WHEREFORE, Plaintiff now prays that this Court overrule the Motions to Quash of Defendant Turn Key and witness Smith, award all costs and attorneys fees to Plaintiffs given the nature of the motion, together with all other relief this Court deems just and proper.

s/David B. Donchin
_____
David B. Donchin, OBA #10783
Hilary S. Allen, OBA #16979
Jennifer K. Christian, OBA #21628
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone:  (405) 235-9584
Facsimile:  (405) 235-0551
dlb@dlb.net
          - and -
Eddie Wyant, OBA #15133
Wyant Law Firm, P.L.L.C.
PO Box 508 - 205 W Maple, Suite 102
Enid, OK 73702
Telephone: (580) 233-7799
Facsimile: (580) 297-5121
eddie@wyantlawfirm.com
          - and -
Randy J. Long, OBA #5515
Clint A. Claypole, OBA #30045
Reagan D. Allen, OBA #19739
Long, Claypole & Blakley Law, PLC
PO Box 3623 - 122 W Randolph
Enid, OK 73702
Telephone:  (580) 233-5225
Facsimile:  (580) 233-3522
randy@lcb.law
clint@lcb.law
reagan@lcb.law
Attorneys for Plaintiff, James Graham, as Special Administrator for the Estate of Anthony Huff, deceased

## CERTIFICATE OF SERVICE

☒I hereby certify that on July 12, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Chris J. Collins, OBA #1800
Jordan L. Miller, OBA #30892
Collins, Zorn & Wagner, P.C.
429 NE 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:  (405) 524-2070
Facsimile:  (405) 524-2078
cjc@czwlaw.com
jlm@czwlaw.com
Attorneys for Defendants, Garfield County Criminal Justice Authority and Board of County Commissioners of the County of Garfield

David W. Lee, OBA #5333
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, P.C.
528 NW 12th Street
Oklahoma City, OK 73103-2407
Telephone:  (405) 843-9909
Facsimile: (405) 842-2913
dwlee@riggsabney.com
             - and -
Donald M. Bingham, OBA #794
Sharon K. Weaver, OBA #19010
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, a P.C.
The Frisco Building
502 W 6th Street
Tulsa, OK 74119-1010
Telephone: (918) 587-3161
Facsimile: (918) 587-9708
don_bingham@riggsabney.com
sweaver@riggsabney.com
Attorney for Defendant, Garfield County Criminal Justice Authority

Robert Todd Goolsby, OBA #12676
James L. Gibbs, II, OBA #15689
Goolsby, Proctor, Heefner & Gibbs, P.C.
701 N Broadway Ave., Suite 400
Oklahoma City, OK 73102-6006
Telephone:  (405) 524-2400
Facsimile:  (405) 525-6004
jgibbs@gphglaw.com
tgoolsby@gphglaw.com
Attorneys for Defendant, Jerry Niles

Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA #10531
Carson C. Smith, OBA #22303
Pierce, Couch, Hendrickson,
Baysinger & Green, L.L.P.
1109 N Francis Ave.
Oklahoma City, OK 73106
Telephone:  (405) 235-1611
Facsimile:  (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
csmith@piercecouch.com
Attorneys for Defendant, Jennifer Niles

Alexander C. Vosler, OBA #19589
Sean P. Snider, OBA #22307
Paulina Thompson, OBA #31736
Johnson, Hanan and Vosler
9801 N Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
avosler@johnsonhanan.com
ssnider@johnsonhanan.com
pthompson@johnsonhanan.com
Attorneys for Defendants, Turn Key Health Clinics and Lela Goatley

*s/David B. Donchin*
David B. Donchin

9996.0156#17891727v1<OKC> -2019.07-12 Plaintiff Objection to Turn Key Motion to Quash

8